**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4419**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BYRON DALE WHITAKER,

        Defendant - Appellant.

———————

**No. 14-4435**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GREGORY DEVONTE ROBERTSON, a/k/a G-Call,

        Defendant - Appellant.

———————

**No. 14-4641**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDREW LEONARD LEAK,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00237-D-3; 5:13-cr-00237-D-4; 5:13-cr-00237-D-6)

---

Submitted: July 30, 2015                    Decided: August 14, 2015

---

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Ryan Willis, Drew Nelson, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina; Lynne Louise Reid, L.L. REID LAW, Chapel Hill, North Carolina; Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellants. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Dale Whitaker and Gregory Devonte Robertson pled guilty to carrying and using a firearm during and in relation to a drug trafficking offense. Andrew Leonard Leak pled guilty to possessing cocaine with intent to distribute. Applying several upward departure provisions of the Sentencing Guidelines, the district court sentenced Whitaker to 480 months' imprisonment, Robertson to 262 months' imprisonment, and Leak to 132 months' imprisonment. The district court stated as to each individual that whether or not its Guidelines calculations were erroneous, it would have imposed the same sentences as upward variances. On appeal, Whitaker argues that the district court improperly considered his criminal history in determining his sentence, and Robertson and Leak argue that certain upward departures were improper. Whitaker and Leak also argue that the district court failed to adequately explain their sentences. The Government responds that the district court did not err and that even if it did, that error is harmless because of the court's statement that it would have imposed the same sentences as variances in each case had the Guidelines calculations been different. We affirm.

Reviewing first Whitaker and Leak's assertion that the district court failed to adequately explain their sentences, we conclude that this argument is without merit. The district

3

court discussed in great detail throughout the sentencing hearings the conduct of Appellants that took their cases far from the heartland of the applicable Guidelines. The court also discussed each Appellant's unique background, offense and relevant conduct, and postarrest actions, and how these facts informed its application of the § 3553(a) factors. The district court clearly provided "an 'individualized assessment' based on the particular facts of the case before it [and] . . . a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (footnote and citation omitted) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

As to the Appellants' assertions of error in the upward departures, "rather than review the merits of each of [Appellants'] challenges, we may proceed directly to an assumed error harmlessness inquiry." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." Id. (internal quotation marks omitted).

4

In these cases, the district court unambiguously stated that it would have imposed identical sentences as upward variances even if the various departures were applied in error. Thus, the first prong of the harmlessness inquiry is satisfied. This Court's review of "[s]ubstantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir 2010). The district court correctly noted that these cases involved heinous acts against others that significantly exceeded mere brandishing and discharging a firearm, or possession with intent to distribute drugs. Notably, none of the Appellants argue on appeal that his sentence is substantively unreasonable. We conclude that the totality of the circumstances in each case support a conclusion that the district court did not abuse its discretion in its sentencing determinations, and that Appellants' sentences are substantively reasonable. Thus, any error in the district court's upward departures is harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED